————o————

## No. 6096.

## ITEM COMPANY, LIMITED, vs. M. AUGUSTIN.

Appeal from the First City Court of New Orleans, Division "A," No. 61,790. Hon. Wynne Rogers, Judge.

Robert H. Marr, for plaintiff and appellee.

Lyle Saxon, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

We are of the opinion that the evidence in this case establishes beyond a doubt that the relation of vendor

and vendee existed between the plaintiff herein, the Item Company, and the carriers of its papers, and not that of employer and employee. The testimony of Mr. Thomson is positive on that point and is not contradicted. The course of dealings of the parties corroborated him. The carriers gave written requests for the number of papers required by each daily, and these were delivered to them at an agreed price of seven for ten cents, subject to a discount of half a cent for prompt payment. The carriers were to pay for the papers they received each week on the ensuing Wednesday. When payments were made to the Item Company by the carriers, they did not make a return of the number of papers sold by them nor of the names of the purchasers or subscribers nor of the amounts collected from them. They paid the price of all papers requested by them and delivered to them during the previous week, whether they sold the papers or not, and whether they had collected from their customers or not. Nor were they permitted to return to the Item any unsold papers, or to receive credit for the failure of any of their customers to pay them.

The most they expected or received was an indulgence of time to permit them to collect from the delinquents. When the carriers ceased to take papers on Wednesday, January 14th, they had been charged with the papers received by them for the week immediately preceding, and for which they should have made payment on the 14th. Yet on that day no carrier made any payment to the Item Company, nor have they made any since. The value of those papers is the object of the present suits. The action of the carriers on that day, and since, furnishes their own and the best interpretation of their relations to the Item Company. No doubt they believed that the money they owed for those papers was only an ordinary

debt for papers sold and delivered, and which each one had a reason satisfactory to himself not to pay. If they had been the employees of the Item Company selling papers and collecting for its account, their failure to make returns on that day of the money collected by them for the price of those papers, and their keeping the money, would have amounted to an embezzlement. We prefer to accept the construction put upon their contract by the carriers themselves, and to conclude that they are the debtors to the Item for the price of papers sold to them, and not employees who have failed to account for money collected by them.

We are supported in our conclusion by the judgment of the lower Court which was in favor of plaintiff and it is affirmed.

Judgment affirmed.

Opinion and decree, May 18th, 1914.